IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RICHARD COX                                                                               PETITIONER

v.                                      5:14CV00114 BSM/HDY

RAY HOBBS, Director of the
Arkansas Department of Corrections                                      RESPONDENT

PROPOSED FINDINGS AND RECOMMENDATIONS

INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or

>other non-testimonial evidence desired to be introduced at
>the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

The respondent moves to dismiss the petition for writ of habeas corpus filed by Mr. Richard Cox pursuant to 28 U.S.C. § 2254. Mr. Cox contends that he is illegally imprisoned in violation of the constitutional prohibition against cruel and unusual punishment. Mr. Cox was sixteen years old when convicted of murder in 1999 and sentenced to life imprisonment without the possibility of parole. Citing *Miller v. Alabama*, 132 S.Ct. 2455 (2012), and its companion case, *Jackson v. Hobbs*, 132 S.Ct. 2455 (2012), Mr. Cox claims that he is entitled to habeas corpus relief.

The respondent contends Mr. Cox has not yet exhausted the remedies available to him in state court. Questions of available state remedies require this Court to look to the provisions of 28 U.S.C. 2254(b) and (c). These subsections codify the doctrine of comity by requiring the exhaustion of state remedies prior to bringing federal habeas corpus claims. *Lenza v. Wyrick*, 665 F.2d 804 (8th Cir. l98l). This exhaustion requirement is necessary in order to afford the state courts the opportunity to correct any constitutional errors before federal courts intervene. *Id*. However, this requirement will not be construed so as to require the filing of repetitious or futile applications for relief in state court. *Powell v. Wyrick*, 62l F.2d 92l, 923 (8th Cir. l980). In addition, a federal court should defer action only "if there is some reasonable probability that the relief which the petitioner seeks will actually be available to him." *Powell v. Wyrick*, 657 F.2d at 224. Consequently, we must determine whether the petitioner has an available state remedy.

Here, Mr. Cox is currently pursuing state habeas corpus relief, advancing his claim that his sentence violates the Eighth Amendment[1]. Thus, the petitioner's claim that the recent United States Supreme Court cases *Miller* and *Jackson* entitle him to relief are in the process of being litigated in state court. In addition, the Arkansas Supreme Court has held that a claim under *Miller* and *Jackson* is cognizable in a state habeas corpus proceeding. *See Hobbs v. Gordon*, 2014 WL 1979364 (May 15, 2014).

If a state procedure is available, it cannot be said that the exhaustion requirement of 28 U.S.C. §2254 has been satisfied. This is precisely the situation at bar. Mr. Cox can, and is, challenging his sentence in state court by filing for habeas corpus relief.

As a result, we find that the petitioner must exhaust his available state court remedies as required by 28 U.S.C. § 2254(b) & (c). It follows that we recommend that the petition be dismissed without prejudice to allow the petitioner to pursue relief in state court.

Based upon the foregoing, we recommend that the petition for writ of habeas corpus be dismissed without prejudice to allow the petitioner to seek appropriate relief in state court, and the relief requested be denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this __17__ day of June, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Mr. Cox, in a Motion for Order and supporting brief (docket entries nos. 11 & 12) argues that this Court should immediately grant relief. He also concedes that his state habeas corpus action is currently pending. Docket entry no. 12, page 2.